CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 3 0 2005

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

TERRY L. EPPERLY, SR.,                )
                                       )     Civil Action No.  7:02CV01013
        Plaintiff,                     )
                                       )
v.                                     )     **MEMORANDUM OPINION**
                                       )
JO ANNE B. BARNHART,                   )
Commissioner of Social Security,       )     By:    Honorable Glen E. Conrad
                                       )            United States District Judge
        Defendant.                     )

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423.  Jurisdiction of this court is pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  As reflected by the memoranda and argument submitted by the parties, the issues now before the court are whether the Commissioner's final decision is supported by substantial evidence, or whether there is "good cause" as to necessitate remanding the case to the Commissioner for further consideration.  See 42 U.S.C. § 405(g).

The plaintiff, Terry L. Epperly, Sr., was born on April 11, 1954 and eventually completed the eighth grade in school.  Mr. Epperly has worked as a concrete finisher.  Apparently he last worked on a regular and sustained basis in 1994.  On March 19, 1998, Mr. Epperly filed an application for a period of disability and disability insurance benefits.  Plaintiff alleged that he became disabled for all forms of substantial gainful employment on January 1, 1997 due to back trouble, bone deterioration in legs, nerves, and asthma.  Sometime later, Mr. Epperly amended his

application to reflect an alleged disability onset date of September 25, 1997. (TR 396). He now alleges that he has remained disabled to the present time. The record reveals that Mr. Epperly met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See, generally, 42 U.S.C. §§ 414 and 423.

Mr. Epperly's claim was denied upon initial consideration and reconsideration. He then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 14, 2000, the Law Judge also determined that plaintiff was not disabled. Mr. Epperly then requested review by the Social Security Administration's Appeals Council. By order entered on September 29, 2000, the Appeals Council remanded the case for additional administrative proceedings based on plaintiff's submission of new medical evidence. Following a new evidentiary hearing, another Administrative Law Judge issued an opinion on November 1, 2001. While the second Law Judge made no explicit findings as to the nature of plaintiff's conditions, the Law Judge ruled that Mr. Epperly is disabled for past relevant work due to a combination of physical, intellectual and emotional impairments. However, the Law Judge held that plaintiff retains sufficient functional capacity for less than a full range of sedentary work. The Law Judge assessed Mr. Epperly's residual functional capacity as follows:

> The claimant has the residual functional capacity to perform a wide range of simple, repetitive, unskilled sedentary work that requires lifting and carrying up to 10 pounds, sitting 6 hours, and walking or standing 2 hours in an 8-hour workday with the need to alternate sitting or standing as necessary, avoid more than occasional bending at the waist, crouching, kneeling, climbing of rope, ladders, scaffolds, ramps or stairs; and reduced by decreased concentration and attention (due to depression, pain, and the side effects of medication), and a low stress environment, limited interpersonal contact with co-workers, supervisors and the public. (TR 51).

2

Given such a residual functional capacity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge determined that Mr. Epperly retains sufficient functional capacity for several specific sedentary work roles which exist in significant number in the national economy. Accordingly, the Law Judge ultimately concluded that plaintiff is not disabled, and that he is not entitled to a period of disability or disability insurance benefits. See 20 C.F.R. § 404.1520(f). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Mr. Epperly then appealed to this court.

The delay in adjudication of this case was occasioned by difficulties in the production of an administrative transcript. On February 4, 2003, this court granted the Commissioner's motion for remand of the case for further administrative proceedings. The record suggests that, after almost a year, the Appeals Council remanded the case to an Administrative Law Judge for new administrative proceedings. In the meantime, plaintiff filed a new application for social security benefits. Shortly thereafter, the hearing tapes from the earlier administrative hearing were located, and a transcript was prepared. On June 29, 2005, the Commissioner filed a motion for reinstatement of the case on the active docket of this court. Apparently, no further action has been taken in connection with the Appeals Council's most recent order of remand to the Administrative Law Judge, or in connection with plaintiff's new application for social security benefits. Thus, the matter is now before this court for review of the final decision of the Commissioner as embodied in the Administrative Law Judge's decision of November 1, 2001.

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff was disabled for all forms of substantial gainful employment. See

3

42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court is unable to conclude that the Commissioner's final decision is supported by substantial evidence. Mr. Epperly has a history of musculoskeletal problems. The first administrative remand order issued by the Appeals Council was occasioned by the submission of medical reports reflecting surgical correction of a very large herniated disc at L4-L5. Plaintiff continues to experience significant musculoskeletal discomfort, though there is some question as to the cause for his continuing problems. In any event, it is clear that the Administrative Law Judge based his findings of residual functional capacity for a limited range of sedentary exertion on plaintiff's musculoskeletal limitations.

The difficulty in this case is that Mr. Epperly also suffers from quite severe nonexertional limitations, consisting of intellectual deficiency and emotional dysfunction. While plaintiff has been hospitalized on several occasions at mental health facilities, his primary diagnosis has been alcohol dependence, though he was also found to be suffering from anxiety and depression. The State Disability Agency referred Mr. Epperly for a psychological evaluation by Dr. David P. Ribbe. Dr. Ribbe submitted a report on December 6, 1999. The psychologist diagnosed depressive disorder. While he considered intelligence testing to be invalid, Dr. Ribbe estimated that plaintiff experiences

4

borderline intellectual function. (TR 293). Dr. Ribbe also noted that school records reflect Mr. Epperly's IQ in the low to mid-seventies, with a verbal IQ of 70. (TR 290).

The court believes that the medical record supports the Administrative Law Judge's finding that plaintiff retains sufficient <u>physical</u> capacity for a limited range of sedentary exertion. The court also finds that the Administrative Law Judge engaged in thorough and comprehensive questioning of the vocational expert at the time of the second administrative hearing. In this respect, the court notes that the Law Judge's hypothetical questions incorporated all of the limitations identified by the psychologist, Dr. Ribbe. The court's concern, however, is whether the record supports the Law Judge's decision to proceed to the fifth and final step of the Sequential Disability Analysis in adjudicating Mr. Epperly's claim. The court believes that there is strong reason to conclude that the record does not support the Law Judge's decision to proceed past the third step of the Sequential Disability Analysis as set forth under 20 C.F.R. § 404.1520(d).[1]

Under 20 C.F.R. § 404.1520(d), it is provided that if a claimant suffers from an impairment which <u>meets</u> <u>or</u> <u>equals</u> one of the listings under Appendix I to Subpart P of the Administrative Regulations Part 404, the claimant will be found disabled without further inquiry. Under Rule 12.05(C) of Appendix I, one of the listed impairments is a valid verbal, performance, or full scale IQ of 70 or less, and some other physical or mental impairment which imposes an additional and significant work-related limitation of function. In the instant case, it is undisputed that Mr. Epperly suffers from a back impairment which imposes significant work-related limitation of function. Thus,

---

[1] If a claimant meets the eligibility requirements set forth under the third step of the Sequential Disability Analysis, it is unnecessary to proceed to consideration of factors such as age, education, and prior work experience, or to receive testimony of a vocational expert.

5

plaintiff must be considered disabled under the third step of the sequential disability analysis if he possesses a valid verbal IQ of 70 or less.

While Dr. Ribbe diagnosed borderline intellectual functioning, and while a school IQ test revealed plaintiff's verbal IQ as 70, the court agrees with the Commissioner's argument that Mr. Epperly has failed to demonstrate a "valid" IQ of 70 so as to meet the listing. Stated succinctly, the school records report only the raw IQ score, and do not provide any indicia of reliability, such as a statement as to cooperation in the testing protocol, or an assessment as to the consistency of the results with developmental history and clinical observation of functional limitation. See Rule 12.00(D) of Appendix I. However, even if the evidence does not demonstrate that Mr. Epperly meets a listed impairment, it must still be determined whether his condition equals a listed impairment.

In determining whether a claimant's impairment, or combination of impairments, is medically equivalent to a listed impairment in Appendix I, 20 C.F.R. § 404.1526(b) provides as follows:

> *Medical equivalence must be based on medical findings.* We will always base our decision about whether your impairment(s) is medically equal to listed impairment on medical evidence only. Any medical findings in the evidence must be supported by medically acceptable clinical and laboratory diagnostic techniques. We will also consider the medical opinion given by one or more medical or psychological consultants designated by the Commissioner in deciding medical equivalence. (Emphasis added).

In Mr. Epperly's case, there is medical evidence of severe musculoskeletal limitations which prevent performance not only of past relevant work, but also anything more than a limited range of sedentary work. School intelligence tests, though undocumented, suggest the existence of intellectual deficiencies which meet, in part, a listed impairment. A recent psychological study confirms the existence of borderline intellectual function, as well as significant work-related intellectual and

Case 7:02-cv-01013-GEC   Document 21   Filed 09/30/05   Page 6 of 8   Pageid#: 65

emotional limitations. Despite such a body of evidence, the court notes that no medical consultant, state agency physician, or medical advisor was asked to consider whether the medical reports and testing results support the existence of an impairment which equals the crucial listing.[2]

In summary, no medical consultant, medical advisor, state agency physician, or medical expert was asked to pass on the question of medical equivalence in Mr. Epperly's case. Instead, the Administrative Law Judge attempted to substitute his own opinion as to whether plaintiff's impairments equal a listing under Appendix I. The court also believes that there is some merit to the argument that, in the face of Dr. Ribbe's inability to obtain valid IQ testing results, the prudent course may have been to refer Mr. Epperly for additional psychological evaluation and testing. In any event, in such circumstances, the court cannot now conclude that the Commissioner's resolution of the issues under Step 3 of the Sequential Disability Analysis is supported by substantial evidence. While the court regrets further delay in the disposition of Mr. Epperly's case, the court must conclude that there is "good cause" for remand of this case to the Commissioner for further consideration as to whether plaintiff's intellectual deficiencies and musculoskeletal impairments meet or equal a listed impairment under Appendix I.

For the reasons stated, the court finds that plaintiff has established "good cause" for remand of this case to the Commissioner for further development and consideration as outlined above. See 42 U.S.C. § 405(g). If the Commissioner is unable to decide this case in plaintiff's favor on the basis of the existing record, and any supplemental medical reports or opinions as may become available, the Commissioner will conduct an additional administrative hearing at which both sides will be allowed to present supplemental evidence and argument. If another hearing is conducted, the court

---

[2] The court's reading of the administrative record also suggests that no "psychiatric review technique form" was completed by the Administrative Law Judge, or any designee, after receipt of Dr. Ribbe's psychological report. See 20 C.F.R. § 404.1520a(e).

7

believes that it would be helpful if a qualified medical expert could be designated to consider the issue of medical equivalence under Appendix I. An appropriate order of remand will be entered this day.

The Clerk is directed to send certified copies of this Memorandum Opinion to all counsel of record.

DATED: This _29th_ day of September, 2005.

_____
United States District Judge